UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:13-CV-2046 (CEJ) |
| | ) | |
| TROY STEELE, | ) | **CAPITAL HABEAS** |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on petitioner's motion to stay proceedings pending resolution of his request for relief before the Missouri Supreme Court. Respondent has filed a response in opposition and the issues are fully briefed.

Petitioner Kevin Johnson was sentenced to death after a jury in St. Louis County, Missouri, found him guilty of first-degree murder, in violation of Mo.Rev.St. § 565.020.[1] The Missouri Supreme Court affirmed his conviction and sentence on May 6, 2009. State v. Johnson, 284 S.W.3d 561 (Mo. 2009) (*en banc*). The post-conviction court denied petitioner's motion for relief under Missouri Supreme Court Rule 29.15 after an evidentiary hearing; the Missouri Supreme Court affirmed the denial of relief. Johnson v. State, 406 S.W.3d 892 (Mo. 2013) (*en banc*).

Petitioner timely initiated this proceeding pursuant to 28 U.S.C. § 2254 on October 11, 2013, and appointed counsel filed the petition on September 30, 2014.

---

[1] Petitioner's first trial ended in a hung jury phase. Johnson, 284 S.W.3d at 568. At the second trial, the jury deliberated four hours before finding petitioner guilty of first-degree murder. In the penalty phase, the jury found four aggravating factors were present and recommended imposition of the death penalty. Id.

A response to the court's show-cause order is due on September 24, 2015, and a reply, if any, is due on January 16, 2016. [Doc. #54].

During the trial, petitioner asked the court to give the jury instructions for second-degree murder without sudden passion and voluntary manslaughter. The trial court refused the proffered instructions and submitted instructions for first-degree and second-degree murder. On direct appeal, the Missouri Supreme Court rejected petitioner's argument that he was entitled to the additional instructions, stating: "[t]he failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and *one* lesser-included offense are given and the defendant is found guilty of the greater offense." State v. Johnson, 284 S.W.3d 561, 575 (Mo. 2009) (emphasis in original) (citing State v. Glass, 136 S.W.3d 496, 515 (Mo. 2004) (*en banc*); State v. Johnston, 957 S.W.2d 734, 751–52 (Mo. 1997) (*en banc*)).

Several years later, in June 2014, the Missouri Supreme Court held that a trial court cannot refuse to give a lesser-included offense instruction requested by a defendant "when the lesser offense consists of a subset of the elements of the charged offense and the differential element (*i.e.*, the element required for the charged offense but not for the lesser offense) is one on which the state bears the burden of proof." State v. Jackson, 433 S.W.3d 390, 392 (Mo. 2014); see also State v. Pierce, 433 S.W.3d 424, 430 (Mo. 2014) (companion case). Arguing that he is entitled to relief under Jackson and Pierce, petitioner filed a motion in the Missouri Supreme Court to recall the mandate or, in the alternative, a habeas corpus petition on February 23, 2015. On March 18, 2015, the Missouri Supreme

Court directed the state to file a response to petitioner's motion; petitioner filed his reply on April 27, 2015.

Petitioner seeks a stay of the briefing schedule in this case until the Missouri Supreme Court rules on his request for relief. In support of his motion, petitioner argues that a favorable decision in the state court will (1) moot the pending petition; (2) spare the parties substantial effort and expense and conserve this court's resources; and (3) eliminate the need for this court to scrutinize a state court's judgment, thereby furthering the interests of of comity and federalism. Petitioner also argues that the Missouri Supreme Court's lengthy review of his motion suggests that his claims are likely to succeed. The respondent opposes a stay, asserting that Jackson and Pierce are not retroactive and are factually distinguishable from this case. Respondent also argues that granting a stay would frustrate the state's interest in the finality of its judgment.

The court declines to stay the habeas proceedings at this time. The petition has been on file for almost a year. The response is due on September 24, 2015, and there is no indication that respondent will be unable to meet that deadline. In addition, a decision from the Missouri Supreme Court may issue as soon as September 22, 2015, its next regularly scheduled decision date. As to petitioner's appeal to cost savings, the court believes that the budget entered in this matter adequately addresses the need to appropriately allocate resources. Finally, the court declines to speculate as to the likelihood that petitioner will succeed before the state supreme court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay [Doc. #57] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2015.