UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV02046 SNLJ |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This is a habeas corpus case in which petitioner Johnson, convicted of first degree murder and sentenced to death, seeks to disqualify me. The two grounds are 1) that I was a member of the Supreme Court of Missouri when petitioner first filed his notice of direct appeal, and 2) that I authored certain dissenting opinions in other Missouri cases, the "tone, tenor and content" of which supposedly bring into question my impartiality in this case. Of course, a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. sec. 455(a). "The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" *Tyler v. Purkett*, 413 F.3d 696, 704 (8th Cir. 2005 (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co*., 323 F.3d 661, 664 (8th Cir. 2003) (quoting *Pope v. Fed. Express Corp*.,

974 Fed.2d 982,985 (8th Cir. 1992). Petitioner has not come close to satisfying that burden here.

On the first issue, the Eighth Circuit has held that recusal is required if the district judge participated in a substantive decision in the state appellate court on a state prisoner's case. *See Dyas v. Lockhart*, 705 F.2d 993, 995, 997-98 (1983) (remanding to a different district judge where judge who rendered opinion had participated in state court ruling on the merits of appeal: *Tyler v. Purkett*, 413 F.3d at 704-05 (recusal was not warranted because district judge was a member of the Missouri Court of Appeals but may have only voted on offender's application for transfer to Missouri Supreme Court). The key to the recusal requirement in this context, in addition to the overarching concern about impartiality, is whether the judge participated in any earlier substantive decisions.

As the government correctly notes, I did not participate in any substantive decision in this case while it was pending before the Supreme Court of Missouri. In fact, I was wholly unaware that the appeal had been filed, and most certainly I did not review any records whatsoever connected with the case. And by the time I left the Court on July 31, 2008, neither briefing nor argument had taken place, much less a decision rendered. In short, I did not participate in the case in any respect; consequently, my presence on the Supreme Court at the start of the case is no ground to question my impartiality now.

Regarding the second issue -- the concern over my dissenting opinions in certain death penalty cases -- the general rule is that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, petitioner cites no cases holding that recusal is required in view

2

of a court's ruling in an unrelated case. Petitioner argues, though, that the cases are "related," in the novel sense that they present not the same parties, but the same issue -- that the St. Louis County Prosecutor's Office has systematically committed *Batson* violations by excluding black citizens during jury selection. In the two dissenting opinions in question -- *State v. McFadden*, 191 S.W.3d 648 (Mo. banc 2006) and *State v. McFadden*, 216 S.W.3d 673 (Mo. banc 2007) -- I determined that the facts and the law did not establish that *Batson* violations were committed. But my disagreement with the majority in those cases did not reflect any ill-will or antagonism towards the defendant or to the propriety of *Batson* claims generally, nor any favoritism to the St. Louis County Prosecutor's Office. Again, these were judicial rulings that did not involve any evidence of extrajudicial prejudice that would foster doubts about impartiality. And to be sure, in the case at hand, I will again apply the law to the facts, considering them anew, and with the utmost impartiality. There is no valid ground for recusal.

The motion is denied.

**SO ORDERED** this 13th day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE