UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2046 SNLJ |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

Currently pending before the Court is petitioner's reassertion of motions that were previously denied without prejudice (#121), which includes a request to reconsider petitioner's (1) motion for leave to amend his petition for habeas corpus (#100) and (2) motion for an evidentiary hearing (#94), both of which were previously denied without prejudice. Petitioner has also moved for discovery (#91).

**I.  Background**

Petitioner was convicted of murdering a police officer and sentenced to death. Petitioner's conviction became final on November 30, 2009. He then sought post-conviction relief in state court, which was denied. Petitioner filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 30, 2014, on the day of the one-year statute of limitations deadline under 28 U.S.C. § 2254(d). Petitioner raises 26 claims in his petition.

On October 28, 2016, 25 months after the filing of the petition, plaintiff filed a motion for leave to amend. He seeks leave to add the following new claims: (1) the

prosecutor harbored an institutional and personal bias against him that violated due process; (2) his death sentence was a result of racial discrimination, and (3) standards of decency have evolved to the point where petitioner's death sentence no longer comports with the Eighth Amendment. In the meantime, the original petition had been fully briefed and was under submission to this Court. In connection with the motion to amend, petitioner filed a motion to recall the mandate and a petition for a writ of habeas corpus before the Missouri Supreme Court based on those same claims. Petitioner sought and received a stay of this case in order to exhaust state remedies on the new claims. On February 28, 2017, the Missouri Supreme Court denied petitioner's motion to recall the mandate and the petition for state habeas relief in a two-sentence form order. Petitioner seeks to proceed with the three new claims in this federal habeas proceeding. Also pending are petitioner's reasserted motion for evidentiary hearing (#94) and motion for discovery (#91). The respondent opposes the motions.

## II. Motion for Leave to Amend Petition (#94)

Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)).

Amended claims relate back to the original claims when both sets of claims arise out of the "conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). For a habeas petition, in order for the amended claims to relate back, they must be supported by facts of the same "time and type" as those in the original pleading. *Mayle*, 545 U.S. at 650. "So long as the original

2

and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. Claims do not relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." *Id.* at 662. This is so because, as the Supreme Court explained, "if claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.*

The facts in the *Mayle* case provide a good example. *Mayle* involved an original habeas petition claiming that the trial court's admission of videotaped statements violated the Confrontation Clause of the Constitution. The petitioner then sought leave to file an amended petition to add a claim that his own pretrial statements to police were coerced and therefore inadmissible at trial. The district court held that that the involuntary statements to police did not arise out of the same conduct, transaction, or occurrence as the videotaped interrogation of the witness and rejected the amendment as time-barred. *Id.* at 652-53. The Ninth Circuit reversed, and, in its opinion reversing the Ninth Circuit, the Supreme Court quoted the dissenting Circuit Judge, who noted that "while an amendment offered to clarify or amplify the facts already alleged in support of a timely claim may relate back…an amendment that introduces a new legal theory based on facts different from those underlying the timely claim may not." *Id.* at 653.

In this case, petitioner's three new claims do not arise from the same conduct or occurrence set out in the original petition. Petitioner seeks to add claims not of the same "time and type" as the 26 claims in his original petition (*see* #35). Although several of

3

the original 26 claims refer to the prosecutor's allegedly unconstitutional actions (*see* #35, Claims 1-4), none of those are of the same "time and type" as the new claim alleging professional and personal bias by the prosecutor. Petitioner's proposed Claim 27 summarizes ---

> St. Louis County prosecuting attorney Robert McCulloch harbored a bias against Petitioner that precluded a fair exercise of his duties as prosecutor. Rather than disqualify himself and seek appointment of a special prosecutor as required by due process and rules of professional conduct, he assumed an even greater role by publicly expressing his "personal" interest in the case, assigning himself as lead trial counsel, and choosing to seek the death penalty without offering a lesser sentence to the defense.

(#101-1 at 1.) Proposed Claim 27 concludes that "McCulloch was biased in favor of police and against anyone accused, rightly or wrongly, of committing violence against a police officer. Petitioner was denied his Eighth and Fourteenth Amendment rights to be tried by an impartial prosecutor." (*Id.* at 9.) That claim introduces a new legal theory and new facts. The other two claims---on racial discrimination and unconstitutionality of the death penalty---do not even arguably relate to any of the 26 original claims. Thus, petitioner's claims do not relate back to the filing of the original petition and are untimely.

The Court notes that Section 2244(d)'s limitations period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In order for the amended petition to be timely under that subsection, the "factual predicates" of petitioner's new claims must be those that could only have been discovered <u>after</u> October 28, 2015. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013) ("If the petition

4

alleges newly discovered evidence, however, the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'")(quoting 28 U.S.C. § 2244(d)(1)(D)).

To the extent petitioner contends that the "factual predicate" of the three new claims could not have been discovered through the exercise of due diligence until after October 28, 2015, that contention is without merit

Petitioner bases his first proposed claim---that the prosecutor harbored an institutional and personal bias against him--- on the prosecutor's "personal and professional history, his pattern of partiality in favor of law enforcement, and his handling of the grand jury proceedings and subsequent developments following the fatal shooting of Michael Brown in Ferguson, Missouri in August 2014." (#101 at 2.) Counsel has been actively involved in this case since 2013, more than a year before the Ferguson shooting. The prosecutor's professional and personal history were certainly available to petitioner at all times. As for the aftermath of the Michael Brown shooting and the prosecutor's handling of the grand jury investigation, the grand jury investigation was completed on November 24, 2014 and was the frequent subject of national news reports. *See Doe v. McCulloch*, 835 F.3d 785, 786 (8th Cir. 2016) (discussing timing of investigation and prosecutor's press conference and release of evidence to media). Petitioner's own citations include news articles that are dated August 2014, December 2014, January 2014, and April 2015. (*See* #101-1 at n.2, n.7, n.10, n.12.) The "factual predicate" of this claim was therefore available to petitioner for <u>more than two years</u> before petitioner filed his motion to amend, and certainly well before October 28, 2015.

As for petitioner's other new claims --- that his death sentence was a result of racial discrimination, and that standards of decency have evolved to the point where petitioner's death sentence no longer comports with the Eighth Amendment --- petitioner cites to twenty-year-old studies and another "ongoing" study dated March 26, 2014 in support of the discrimination claim. He then cites to state trends repealing the death penalty between 2007 to 2013 and a dissent from Justice Breyer dated June 29, 2015 (*Glossip v. Gross*, 135 S.Ct. 2726 (2015)) for the Eighth Amendment claim. The factual predicate of the claims therefore could have been discovered through the exercise of due diligence well before October 28, 2015.

Petitioner's claims are therefore untimely under any analysis of the statute of limitations and the relation-back doctrine, and his motion to amend will be denied.

### III. Motion for Evidentiary Hearing (#94)

Petitioner also requests renewal of his motion to conduct an evidentiary hearing (#94), which this Court denied without prejudice (#105), stating, "The Court will determine whether an evidentiary hearing is warranted after it completes its review of the petition, the respondent's response, and other materials submitted by the parties. . .." For the same reasons, the Court declines to rule on the motion for evidentiary hearing at this time, will deny the motion without prejudice, and at the appropriate time will consider the matter *sua sponte*.

## IV.   Motion for Discovery (#91)

Petitioner motion for discovery (#91), filed September 19, 2016, seeks discovery on several claims presented in the original petition.  Because respondent filed no response in opposition at the time, petitioner argues that respondent is now precluded from objecting.  This Court disagrees.  Respondent was granted extensions of time until November 18, 2016 to respond.  But on October 28, 2016, petitioner filed a motion to stay the proceedings in order to file a supplemental state post-conviction action.  That motion was granted, and the Missouri Supreme Court denied the supplemental state action by order on February 28, 2017.  The stay, however, was not lifted until April 13, 2017.  Nearly all the delay, then, was the result of the stay.  Because only a short time has elapsed since the stay was lifted, petitioner will suffer no prejudice in allowing respondent to file suggestions in opposition to the motion for discovery, and petitioner did so on June 2, 2017.  Petitioner is granted 14 days from today to file any reply to respondent's suggestions in opposition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's renewed motion for leave to file amended petition (#101) and the renewed motion for evidentiary hearing (#94) as reasserted in (#121) are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is granted 14 days from today to file any reply to respondent's suggestions in opposition to petitioner's motion for discovery.

Dated this 23rd day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE